Leticia RODARTE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–73650.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 13, 2010.

Leticia Rodarte, Desert Hot Springs, CA, pro se.

Lisa Marie Arnold, Senior Litigation Counsel, Oil, Stacy Stiffel Paddack, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Leticia Rodarte, a native and citizen of Mexico, petitions pro se for review of the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order denying her motion to reconsider and reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ In her opening brief, Rodarte fails to address, and therefore has waived any challenge to, the BIA's determination that her motion to reconsider was untimely. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

■ The BIA did not abuse its discretion by denying Rodarte's motion to reopen, because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

■ We lack jurisdiction to review the agency's discretionary determination that Rodarte failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Finally, we are not persuaded that Rodarte's removal results in the deprivation of her children's rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

Rodarte's remaining contentions lack merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**